# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1556V
Filed: August 17, 2021

* * * * * * * * * * * * *
| | |
|---|---|
| ROBIN COOLEY, | *    UNPUBLISHED |
| Petitioner, | * |
| v. | *    Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |

* * * * * * * * * * * * *

*Mari C. Bush,* Boulder, CO, for petitioner.
*Adriana R. Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 18, 2017, Robin Cooley ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration after receiving an influenza vaccination on December 13, 2016. *See* Petition (ECF No. 1). On April 7, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 65).

On May 18, 2021, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 71). Petitioner requests total attorneys' fees and costs in the amount of $52,724.13, representing $52,017.70 in attorneys' fees and $706.43 in costs. Fees App. at 2.

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Pursuant to General Order No. 9, petitioner states she has personally incurred costs associated with the prosecution of her petition in the amount of $500.00. (ECF No. 72). Respondent responded to the motion on June 1, 2021, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2 (ECF No. 73). Petitioner filed her reply on June 4, 2021, reiterating her belief that the requested attorneys' fees and costs are reasonable.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.      Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests that her attorney, Ms. Mari Bush, be compensated at $410.00 per hour for all work performed in this case, from 2017-2021. The undersigned finds this to be a reasonable hourly rate for Ms. Bush's work in 2020 and 2021. However, Ms. Bush has previously billed at and been awarded $400.00 per hour for her Vaccine Program work through 2019. *See Tinoco v. Sec'y of Health & Human Servs.*, No., 2019 WL 6125117, at *2 (Fed. Cl. Spec. Mstr. Aug. 29, 2019). The undersigned will therefore compensate Ms. Bush's work in those years at the rates she has previously billed at, resulting in a reduction of $614.00.

Petitioner also requests paralegal rates of $150.00 per hour for all work performed in this case. The undersigned notes that this rate exceeds the maximum paralegal rate prescribed by the OSM Fee Schedule for 2017 as well was what Ms. Bush's paralegals have previously been awarded. *Id.* (awarding paralegal Alyssa Kittel $125.00 per hour and paralegal Joyce Harris $145.00 per hour). The undersigned will also award these paralegal rates, resulting in a reduction of $64.50.

## B.   Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V,

---

[3] The 2015-2020 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the undersigned finds that a reduction must be made due to the vagueness of many of the billing entries. Although some of the entries for communication, such as phone calls and e-mails, contain a brief description of the subject of the communication, most do not. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011).

Additionally, counsel has billed time at attorney rates for tasks which are more paralegal in nature, such as calendaring deadlines, scanning and mailing documents, and filing documents. These issues have previously been raised by other special masters concerning Ms. Bush's billing practices. *See Tinoco*, 2019 WL 6125117 at *3-4.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). The undersigned shall therefore, in the exercise of her discretion in setting reasonable fees to be awarded, reduce the request for attorney fees by five percent. Petitioner is therefore awarded final attorneys' fees of $48,842.25.

### C.   Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $706.43 in costs for acquiring medical records, the Court's filing fee, postage, photocopies. The undersigned finds these costs reasonable and supported with adequate documentation. Accordingly, petitioner is entitled to the full amount of costs sought.

Pursuant to General Order No. 9, petitioner has also indicated she has personally incurred costs of $500.00 for a retainer paid to her counsel, which was offset against the aforementioned costs incurred. As those costs have been supported through documentation, petitioner's costs shall also be reimbursed.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards the following:

1) **a lump sum of $49,548.68, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Ms. Mari Bush; and**

2) **a lump sum of $500.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

    **IT IS SO ORDERED.**

                                         **s/Mindy Michaels Roth**
                                         Mindy Michaels Roth
                                         Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).